IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VIRGEAN HOUSKINS,                    )
                                     )
                   Plaintiff,        )
                                     )
     v.                              )    No.  03 C 6553
                                     )
MICHAEL F. SHEAHAN, et al.,          )
                                     )
                   Defendants.       )

MEMORANDUM ORDER

Trial of this action was regrettably aborted on April 11,
2005 when defense counsel raised several issues that should have
been tendered earlier but were not.  With the trial now having
been rescheduled to commence on May 31, codefendants Donald Keith
("Keith"), Cook County and Sheriff Michael Sheahan (for
convenience, the latter two defendants will be referred to
collectively as "Sheahan," treated as a singular noun) have
submitted written materials relating to such motions, and counsel
for plaintiff Virgean Houskins ("Houskins") has responded.  This
memorandum order addresses those issues.

First, Keith again urges that the trial of Houskins' claims
against him be severed, converting a single trial into two trials
even though all claims against the three defendants derive from
the identical set of facts.  That motion is empty of merit, and
it is denied.

To begin with, the Final Pretrial Order ("FPTO"), submitted

by all parties including Keith[1] and entered by this Court on

October 4, 2004, listed no objections on Keith's behalf as to any

of the exhibits, including those that Keith's counsel now says

could prejudice him as and when admitted into evidence in

connection with Houskins' claims against Sheahan.    This District

Court's Standing Order Establishing Pretrial Procedure prescribes

the FPTO form that the parties employed, a form that contains

this express provision as to exhibits:

> As the attached Schedule (c) form indicates, non-
> objected-to exhibits are received in evidence by
> operation of this Order, without any need for further
> foundation testimony.

And the exhibits now complained of by Keith's counsel were listed

in the FPTO as joint exhibits and were set forth with this

legend:

> The parties have agreed to the admissibility of the
> following documents:[2]

---

[1]   Keith's present counsel personally signed the FPTO before
it was submitted for this Court's consideration on September 29,
2004.

[2]   [Footnote by this Court]  It may be noted parenthetically
that the exhibits to which Keith's counsel takes exception
scarcely merit any characterization as being prejudicial to him
(let alone unfairly prejudicial, the standard under Fed. R. Evid.
403) in any event.  Jt. Ex. 1A, the summary report as to the
Sheriff's Department's investigation of the incident at issue in
this litigation, recites the conflicting versions of events in a
non-judgmental fashion and concludes with a series of findings of
"inconclusive" as to all allegations, stating in each instance:

> There is insufficient evidence either to prove or
> disprove the allegation.

2

In sum, Keith and his counsel have forfeited (if not indeed waived) any objections that they now seek to raise.

Moreover, from a substantive point of view, any exhibits that may be relevant to Houskins' claims against Sheahan but not to her claims against Keith can and will be made the subject of limiting instructions to the jury. Such limiting instructions are regularly provided to juries, and juries in this District Court regularly display the ability to honor and heed such instructions. In short, Keith's renewed motion for severance is again denied.

As for Sheahan's currently advanced motion in limine, it challenges what the FPTO listed as Houskins' Ex. P1, described as "Affidavit of Christopher Langone (exhibit summary)." In contrast to the Keith-raised issue just discussed, Sheahan did preserve this objection to that exhibit in the FPTO:

Objection, relevance - may waive subject to Defendant Cook County Sheriff's Department review.

In that respect it appears that the parties are like ships that pass in the night. Because Sheahan's counsel objected to the affidavit by Langone (Houskins' counsel) that Langone had characterized as a Fed. R. Evid. 1006 summary of an underlying database regarding disciplinary hearings within Sheahan's

---

Even apart from the rulings stated in the text of this opinion, then, Keith's entire contention appears to be nothing more than a red herring.

3

department, Houskins' counsel has agreed to withdraw the affidavit and to use only the discipline database itself. Nonetheless Sheahan's motion in limine submitted last week continues to object to the introduction of the Langone affidavit (which, as just stated, is no longer in issue).

Accordingly Sheahan's motion in limine, as framed, is denied as moot.[3] And lest Sheahan's counsel retreat to an objection regarding the use of the database itself, Houskins' counsel has provided an explanation that the database was Sheahan's own work product. In short, if and to the extent that Sheahan's motion in limine were to be modified to address Houskins' proposed use of the database itself, it too would call for denial.

Milton I. Shadur
Senior United States District Judge

Date: May 2, 2005

---

[3] To the extent that the motion contains occasional lapses in basic English ("it's" for "its"), Sheahan's counsel is referred to Lynne Truss, Eats, Shoots and Leaves.

4