IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Virgean Houskins,            )
                             )
          Plaintiff,         )
                             )
     v.                      )    03 C 6553
                             )
Michael F. Sheahan, The      )
Sheriff of Cook County, sued )
in his official capacity,    )
County of Cook, and Donald   )
Keith, sued in his individual)
capacity,                    )
                             )
          Defendants.        )

## MEMORANDUM ORDER

At the conclusion of the case in chief presented by plaintiff Virgean Houskins ("Houskins"), co-defendant Sheriff Michael Sheahan ("Sheahan") moved under Fed.R.Civ.P. ("Rule") 50(a) for judgment as a matter of law. This Court took the motion under advisement, after which the trial proceeded to the conclusion of the evidentiary presentation, and the jury then reached a verdict in Houskins' favor that awarded $240,000 in damages against Sheahan and $60,000 ($10,000 in compensatory damages and $50,000 in punitive damages) against co-defendant Donald Keith ("Keith"). Sheahan, who had not renewed his motion under Rule 50(b) when all the proofs were closed, thereafter filed a post-judgment renewal of his Rule 50 motion after the verdict was rendered, and Houskins' counsel has filed a written

response.[1]

Houskins[2] response has done an extraordinarily effective job of refuting all aspects of Sheahan's motion, so much so that this Court's analysis would simply parrot the arguments that have been set out by Houskins' counsel--an act of supererogation. That extends all the way from Houskins' explanation of why Sheahan is limited to the ground that his counsel originally advanced in the Rule 50(a) motion at the close of Houskins' case in chief (the asserted absence of a "custom," which is one--but by no means the only--basis for imposing liability under the seminal Monell decision), thence to the sustainability of the verdict under the principle exemplified by Pembauer v. City of Cincinnati, 475 U.S. 469, 480-82 (1996)[3] and then on to the alternative ground that the evidence, when viewed most favorably to Houskins together (as required) with reasonable and favorable inferences, would also support the "custom or practice" prong of Monell.

---

[1] Keith's own post-judgment motion is in the last stage of the briefing process.

[2] In that regard, the limited scope of Sheahan's original motion forfeited his ability to challenge the verdict from that perspective.

[3] It appears that Houskins' Mem. 5 n. 12 is correct in pointing out the perils of the premature preparation of defense motions to be tendered at the conclusion of a plaintiff's proof. Sheahan's written motion missed entirely the proof of the action taken by Cook County Jail Executive Director Ernesto Velasco, who was the final decisionmaker as to the challenged retaliatory action against Houskins.

### Conclusion

This Court cannot recall any prior instance in which it ruled on a matter by referring to a litigant's legal submission and simply saying "That's entirely right." This however is such a situation, one in which repeating the analysis that has been so well articulated in Houskins' responsive memorandum would add nothing useful to the resolution of the issues. For the reasons well and amply stated in Houskins' responsive memorandum, Sheahan's renewed Rule 50 motion is denied and the verdict against him stands.

_____
Milton I. Shadur
Senior United States District Judge

April 14, 2006