IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Virgean Houskins,          )
                           )
          Plaintiff,       )
                           )
     v.                    )    03 C 6553
                           )
Michael F. Sheahan, et al.,)
                           )
          Defendants.      )

Memorandum Opinion and Order

Donald Keith ("Keith"), one of the defendants in this action brought by fellow Cook County Department of Corrections employee Virgean Houskins ("Houskins"),[1] has filed two post-trial memoranda challenging the jury award of $50,000 in punitive damages over and above the compensatory damage award of $10,000 for what the jury found to have been his assault and battery of Houskins. To provide an appropriate frame of reference for Keith's request for a remittitur of those damages, a copy of the punitive damages instruction given to the jury is attached as Ex. 1[2]--Keith does not challenge the propriety of that instruction.

---

[1] Sheriff Michael F. Sheahan, the other defendant, has recently taken an appeal from the jury verdict against him.

[2] Ex. 1 is this Court's retained copy of that instruction, not the clean (non-source-indicated) version actually delivered to the jury. All such indications of source are placed on the copies of instructions given to the litigants' counsel, so that this Court can prepare a sequence list from which counsel can see the order in which the instructions will actually be given to the jury. In this instance, despite the label "Plaintiff's Proposed Instruction No. 9," that (like all final instructions) reflects this Court's editing and redrafting of a proposed instruction initially tendered by counsel.

When the underbrush is cleared away, what Keith's counsel has essentially done in his submissions is to ask that the case be evaluated as though the jury had credited <u>Keith's</u> testimony, while the jury verdict against him proves exactly the opposite: To reaches its unchallengeable verdict as to liability, the jury must necessarily have discredited Keith's testimony and credited that offered by Houskins and her witnesses. In answering the question of what was reasonably required to satisfy the stated purposes of punitive damages--"to punish a defendant through his conduct and to serve as an example or warning to defendant and others not to engage in similar conduct in the future"--the jury was entitled to disbelieve Keith's testimony, in which for example (1) he labeled Houskins as the purported aggressor and said that he did not hit her, (2) he piously proclaimed that "I don't disrespect women" and (3) he said that eyewitness Regina Bowers had, at the time of the incident, contradicted Houskins' statement that he had struck her--that last testimony being flatly rebutted by Bowers' sworn and explicit testimony during the trial that Keith <u>had</u> in fact struck Houskins. Those factors (and more) well justify the serious adverse view that the jury obviously took of Keith's total conduct, including what it had to have perceived as a total lack of remorse on his part at the time of trial.

There is really no need to repeat the thorough and

thoughtful response set out in the submissions by Houskins' counsel--most particularly the final submission, captioned "Houskins' Memorandum in Opposition to Keith's March 31 Memo in Support of Remittitur of Punitive Damages." That memorandum begins with the accurate observation that the judicial review of a punitive damages award calls on the court "to police a range, not a point" Mathias v. Accor Economy Lodging Inc., 347 F.3d 672, 678 (7th Cir. 2003)). Then all of the memo's remaining cited cases are in point, as is the memo's analysis in terms of the applicable standards--both under Illinois law (which provides the substantive rules of decision) and under federal law (which defines the constitutional boundaries imposed by the Due Process Clause).

Although singling out any one aspect of the parties' disagreement should not be mistaken as presenting the total picture, the poverty of Keith's efforts to attack the jury's award as purportedly excessive is exemplified by the mistaken way in which Keith's Memorandum in Support of Remittitur of Punitive Damages seeks to minimize the seriousness of Keith's conduct. Here is what his Mem. 5 says:

> The assault claim against Officer Keith represents the civil equivalent of a "Class C" misdemeanor that carries a maximum statutory penalty in Illinois of fifteen-hundred ($1,500.00) dollars. See, 720 ILCS 5/12-1(b); and 730 ILCS 5/5-9-1(a)(3). The simple battery claim against Officer Keith represents the civil equivalent of a "Class A" misdemeanor that carries a maximum statutory penalty in Illinois of twenty-five hundred ($2,500.00) dollars. See, 720 ILCS

3

5/12-3(b) and 730 ILCS 5/5-9-1(a)(2).

But as Houskins' Mem. 9-10 shows, that is simply not so: Under the Illinois Criminal Code Keith's conduct expressly constituted _aggravated_ assault and _aggravated_ battery (see 720 ILCS 5/12-2(a)(9), (10), (15) and (16) coupled with id. 12-2(b); 720 ILCS 5/12-4(a)(6) and (8) coupled with id. 12-4(e)), with the former being a potential Class 4 felony and the latter being a Class 3 felony punishable by a sentence of not less than two years and not more than five years (730 ILCS 5/5-8-1(a)(6)). And over and above the potential of a $50,000 fine for two such felony charges under Illinois law (730 ILCS 5-5-9-1(a)(1)), the caselaw in this area holds that the potential for such imprisonment in the criminal context can logically support a high punitive damage award in the civil case environment.

As just indicated, that disparity between Keith's argument and an accurate survey of the relevant statutes and caselaw is only illustrative and typical of what has been rendered to this Court. It would lengthen this opinion unduly if it were to provide chapter and verse in that regard--suffice it to say that this Court has reviewed Keith's contentions and Houskins' responses in detail, and it finds the analysis in Houskins' latest memorandum to be entirely persuasive and worthy of adoption.

In sum, Houskins' has by far the better of it on the

4

punitive damages issue, just as the jury decided that she had by far the better of it on the substantive merits. Keith's motion for remittitur is denied, and the award of punitive damages (like the award of compensatory damages) stands.

_____
Milton I. Shadur
Senior United States District Judge

May 12, 2006

C:\WPTEXT\Houskins6.wpd

If you find for Houskins on the First Amendment retaliation claim, you may, but are not required to, assess punitive damages against Sheahan. If you find for Houskins on the assault or the battery claim, or both, you may, but are not required to, assess punitive damages against Keith. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to defendant and others not to engage in similar conduct in the future.

Houskins must prove by a preponderance of the evidence that punitive damages should be assessed against one or both defendants. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Houskins' rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Houskins. An action is in reckless disregard of Houskins' rights if taken with knowledge that it may violate the law. If awarded, punitive damages must be considered separately as to each defendant.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages should be in an amount sufficient to fulfill the purpose that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- The reprehensibility of a defendant's conduct;
- The impact of that defendant's conduct on Houskins;
- The relationship between Houskins and the particular defendant;
- The likelihood that the defendant would repeat the conduct if an award of punitive damages is not made;

Ex. 1